■ Gary J. Bevilacqua, Respondent, v Barbara J. Bevilacqua, Appellant.—Casey, J. P. Appeal from an order of the Supreme Court (Smyk, J.), entered July 21, 1986 in Broome County, which granted plaintiff's motion for summary judgment.

A separation agreement executed by plaintiff and defendant on November 6, 1984 provided, inter alia, that plaintiff was to pay a certain Sears, Roebuck & Company bill out of the proceeds of a flood insurance check and that defendant was to have possession of the marital home unless certain events occurred, one of which was her cohabitation with an unrelated male for a period greater than 24 hours. The agreement also provided that defendant could rescind the agreement if plaintiff substantially or materially breached any of its provisions.

On December 12, 1985, plaintiff served a summons and

complaint on defendant alleging that defendant had cohabited with an unrelated male for a period greater than 24 hours and, as a result, the separation agreement required that the marital residence be sold. Defendant did not deny this claim in her answer. However, she did contend as a defense that she had the right to rescind the separation agreement because plaintiff had materially breached it by failing to pay the Sears, Roebuck bill with the proceeds from the flood insurance check. Plaintiff served a reply denying the allegations. Thereafter, plaintiff moved for summary judgment and also instituted an action for divorce based on the parties' separation. Supreme Court found that defendant's failure to deny the cohabitation allegation triggered the terms of the separation agreement which provided for the sale of the marital residence. The court went on to state that, while plaintiff had not used the proceeds of the flood insurance check as specified, his explanation of this failure (that he used the proceeds to pay child support while unemployed) was reasonable and did not indicate an intent to use the money to his own benefit. Supreme Court also found that plaintiff's breach did not go to the heart of the agreement and was, therefore, not a proper ground for rescinding it. Consequently, the court ordered that the marital residence be put up for sale. This appeal by defendant ensued.

Since defendant failed to insist on plaintiff's strict performance of the provision of the separation agreement requiring plaintiff to pay the Sears, Roebuck bill out of the proceeds of the flood insurance check, defendant has waived the default and, therefore, has no right under the separation agreement to seek rescission of that agreement.

There is undisputed evidence in the record that plaintiff received the flood insurance check in August 1984 and held the check pending the negotiation and execution of the separation agreement. Shortly after the agreement was signed in November 1984, plaintiff became unemployed and used a portion of the proceeds of the insurance check to pay child support. He also paid $500 of those proceeds to defendant. Plaintiff admits that he did not use any of the proceeds to pay the Sears, Roebuck bill, as required by the separation agreement, but he claims that he began making monthly payments on the bill after he found employment, and defendant concedes that there has been a reduction in the principal balance due on the bill. Assuming that, in these circumstances, plaintiff's failure to pay the Sears, Roebuck bill out of the proceeds of the insurance check constituted a material or substantial

breach of the provision requiring him to do so, defendant made no effort to insist on strict performance by plaintiff. Her first objection based upon plaintiff's breach did not occur until February 1986, long after the breach had occurred, when she sought to use plaintiff's breach as a means of avoiding compliance with another provision of the agreement.

The agreement itself provides, "The failure of either party to insist on strict performance of any of the provisions of the Agreement shall not be construed as a waiver of any *subsequent* default of the same or similar nature" (emphasis supplied). Clearly, then, a party's failure to insist on strict performance of any provision of the agreement does constitute a waiver of that particular default, and defendant's failure to act within a reasonable time after plaintiff's default herein must therefore be viewed as a waiver of that default. Accordingly, defendant has no right to rescind the separation agreement, and Supreme Court's order granting plaintiff summary judgment should be affirmed.

Order affirmed, with costs. Casey, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.

Mikoll, J., dissents and votes to reverse in a memorandum. Mikoll, J. (dissenting). There should be a reversal of the order of Supreme Court. In my view, plaintiff's failure to pay the $1,620.82 Sears, Roebuck bill with the proceeds of the $2,000 flood insurance check, as required by a provision of the agreement, was a material and substantial breach of the agreement and there is insubstantial evidence to find that defendant waived the breach by her conduct. At the time defendant submitted her affidavit there was still $1,369.07 remaining due on the Sears, Roebuck bill. The failure to pay that bill was a continuing breach of the agreement. It was certainly a continuing harm to defendant's credit status. If defendant can be said to have waived performance of this provision of the contract by failing to have sought rescission earlier, then the same argument can be used against plaintiff. Specifically, plaintiff asserts that defendant's cohabitation occurred at or before the time the agreement was signed in November 1984, yet he did not commence legal action on the noncohabitation clause until December 1985. We should not employ a double standard in measuring the conduct of the parties.

Further, it is significant that the record does not indicate that plaintiff paid defendant any money except child support payments. It is therefore incorrect, in my view, to conclude that plaintiff paid $500 of the insurance proceeds to defendant

in addition to the child support payments he made to defendant from the insurance proceeds. Plaintiff's statements regarding how much of the proceeds from the insurance check were paid as child support can only be characterized as evasive and nondispositive.